IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL TURNER POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 99-635-JJF |
| | ) | |
| STAN TAYLOR, and | ) | |
| RAPHAEL WILLIAMS, | ) | Jury Trial Demanded |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION FOR APPOINTMENT OF COUNSEL**

COME NOW Stan Taylor and Raphael Williams ("Defendants"), by and through undersigned counsel, and move this Honorable Court to deny Plaintiff's request for appointment of counsel. In furtherance of their motion, the defendants represent as follows:

1. Samuel Turner Poole ("Plaintiff") is a former inmate who was incarcerated at the Howard R. Young Correctional Institution (formerly Multi-Purpose Criminal Justice Facility or "Gander Hill") in Wilmington, Delaware during the relevant period giving rise to this Complaint. The plaintiff is presently incarcerated in the Commonwealth of Pennsylvania.

2. In September, 1999 the plaintiff filed the instant action pursuant to 42 U.S.C. §1983 with leave to proceed *in forma pauperis* in the United States District Court for the District of Delaware alleging Eighth Amendment violations. (D.I.#2). Plaintiff's Complaint was dismissed as frivolous pursuant to 28 U.S.C. §§1915(e)(2)(B) - 1915A (b)(1) on or about January 3, 2002. (D.I.##21,22).

3. On January 18, 2002, the plaintiff filed a Notice of Appeal to the Third Circuit Court of Appeals. (D.I.#24). *Poole v. Taylor, et al.,* C.A.No. 02-1385. The Third Circuit ordered that the Order of the District Court entered on January 4, 2002, be vacated and the matter remanded for further proceedings. *See* 2003 WL 22319222 (3d Cir.).

4. On or about April 7, 2005 plaintiff filed a motion for appointment of counsel. (D.I.#65).

5. Plaintiff lists the following reasons in support of his motion for appointment of counsel: lack of legal training, confinement to an out of state prison facility, limited access to legal materials and his inability to perform a thorough investigation. (Complaint, *passim*).

6. *Pro se* litigants proceeding *in forma pauperis* have no constitutional or statutory right to appointed counsel. (See *Smith Bey v. Petsock*, 741 F. 2d 22, 25 (3d Cir. 1984)). It is solely within the Court's discretion to appoint counsel for the plaintiff; however, such an appointment is "usually only granted upon a showing of special circumstances indicating a likelihood of substantial prejudice to him resulting... from his probable inability without such assistance to present the facts and legal issues to the court in a complex, arguably meritorious case." *Id* at 26, *accord, Pierce v. Vaughn*, 1992 WL 210122 (E.D.Pa. Aug. 21, 1992); *Robinson v. Barone,* 1992 WL 236869 (E.D.Pa. Sept. 15, 1992). (Attached at Exhibits A and B). The factors appropriately considered in deciding whether an appointment of counsel is warranted include the arguable merit of the plaintiff's claim, plaintiff's ability to present his case, the difficulty of the particular issues, the degree to which factual investigation will be required and the plaintiff's ability

to pursue such investigation, the likelihood that witnesses' credibility will be key issue, and the need for expert testimony. *Tabron v. Grace*, 6 F.3 147, 155-56 (3d Cir. 1993), *cert. denied,* 114 S. Ct. 1306 (1994).

7.  A review of plaintiff's motion for appointment of counsel reveals the request is premature. It is well established that before any request for appointment of counsel may be granted, a threshold evaluation of the merits of plaintiffs' claim must be conducted. *Tabron* at 155. (concluding upon review of a plaintiff's request for appointment of counsel, "[t]he District Court must consider as a threshold matter the merits of plaintiff's claim.").

8.  Contrary to plaintiff's assertions that the issues are complex, they are in fact, straight forward. Plaintiff is alleging Eighth Amendment conditions of confinement violations against the defendants. For relief, plaintiff seeks compensatory and punitive damages.

9.  Plaintiff, at this point, has simply made bold, unsupported allegations against the defendants. It must be presumed that plaintiff is suing the defendants based upon their supervisory responsibilities. As personal involvement in a constitutional deprivation is a necessary prerequisite to liability, it is unlikely that the plaintiff can mount a meritorious claim against these defendants. Without more, the request for counsel is, at best, premature.

Wherefore, the defendants respectfully request that this Honorable Court deny the plaintiff's petition for appointment of counsel.

<div style="display:flex">
<div>Dated:  April 14, 2005</div>
<div>

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**

<u>/s/ Richard W. Hubbard</u>
Richard W. Hubbard, ID#2442
Deputy Attorney General
Carvel State Office Building, 6th Floor
820 North French Street
Wilmington, DE 19801
(302) 577-8400
richard.hubbard@state.de.us

Attorney for Defendants
</div>
</div>

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL TURNER POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 99-635-JJF |
| | ) | |
| STAN TAYLOR, and | ) | |
| RAPHAEL WILLIAMS, | ) | Jury Trial Demanded |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**IT IS SO ORDERED**, this _____ day of _____, 2005, that Plaintiff's Motion for Appointment of Counsel is hereby **DENIED**.

_____
Judge Joseph J. Farnan, Jr.,

# CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on April 14, 2005, he caused the attached *Defendants' Opposition to Plaintiff's Motion for Appointment of Counsel* to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Samuel T. Poole
BN-5599
P.O. Box 1000
Houtzdale, Pa 16698-1000

**MANNER OF DELIVERY:**

_____ One true copy by facsimile transmission to each recipient

\_\_\_X\_\_\_ Two true copies by first class mail, postage prepaid, to each recipient

_____ Two true copies by Federal Express

_____ Two true copies by hand delivery to each recipient

/s/ Richard W. Hubbard
Richard W. Hubbard, ID #2442
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400
richard.hubbard@state.de.us