Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

Michael Patrick PIERCE
v.
Donald T. VAUGHN, et al

Civ. A. No. 92-3040.

Aug. 21, 1992.

Michael Patrick Pierce, pro se.

Beth Anne Smith, Office of Atty. Gen., Philadelphia, Pa., for defendants.

*MEMORANDUM AND ORDER*

SHAPIRO, District Judge.

*1 Plaintiff has filed a Motion for Appointment of Counsel. For the reasons set forth below, the motion will be denied.

Plaintiff has no constitutional or statutory right to appointment of counsel in a civil lawsuit. *Ray v. Robinson,* 640 F.2d 474, 477 (3d Cir.1981) (citing *Peterson v. Nadler,* 452 F.2d 754, 757 (8th Cir.1971). However, the Court has the authority to appoint counsel under 28 U.S.C. § 1915(d). *Ray, supra* at 477. Appointments should be made only when it is necessary to avoid fundamental unfairness. *Maclin v. Freake,* 650 F.2d 885, 886 (7th Cir.1981). As "incarceration does not foreclose access to the courts and the use of legal process to remedy civil wrongs," *Alexander v. Ramsey,* 539 F.2d 25, 26 (9th Cir.1976), only in exceptional cases will appointment of counsel be justified. *Cook v. Bounds,* 518 F.2d 779, 780 (4th Cir.1975). The Third Circuit has stated that appointment of counsel should be made "only ... upon a showing of special circumstances indicating the likelihood of substantial prejudice ... resulting ... from [a] probable inability without such assistance to present the facts and legal issues to the Court in a complex but arguably meritorious case." *Smith-Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir.1984).

In the instant case, there are no exceptional circumstances requiring counsel. This is but a factually simple civil rights case, under 42 U.S.C. § 1983, alleging that defendant prison officials are stealing plaintiff's incoming and outgoing mail. The Court notes from the pleadings on file that (1) plaintiff has shown the ability to litigate this action *pro se,* and (2) this case is not a complex one. Plaintiff's ability to handle this matter together with the case's lack of complexity negate the need for counsel. *Maclin v. Freake, supra* at 888; *Smith-Bey, supra* at 26.

Accordingly, the motion is denied. An appropriate order follows.

ORDER

AND NOW, this 21st day of August, 1992, upon consideration of Plaintiff's motion for appointment of counsel, it is ORDERED that Plaintiff's motion is DENIED.

1992 WL 210122, 1992 WL 210122 (E.D.Pa.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works