Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.

Troy ROBINSON
v.
M.C. BARONE and F.D. Phillips.

Civ. A. No. 92-1854.

Sept. 15, 1992.

Troy Robinson, pro se.

John O.J. Shellenberger, III, Office of Atty. Gen., Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

WALDMAN, District Judge.

*1 In this § 1983 action, plaintiff alleges that defendant prison guards placed him in administrative custody depriving him of his liberty without due process of law. The court granted plaintiff's petition to proceed *in forma pauperis*. Presently before the court is plaintiff's motion for appointment of counsel.

Plaintiff does not have a constitutional or statutory right to counsel. *Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir.1981). This is so even when a plaintiff is incarcerated. *Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir.1976). Appointment of counsel should be made only in special circumstances where there is a likelihood of substantial prejudice from an inability without such assistance to present the facts and issues in a complex but arguably meritorious case. *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir.1984).

Plaintiff's case does not raise complex factual or legal issues. The pleadings of record served by plaintiff on defendants show that he has the ability adequately to present his case. *See Maclin v. Freake*, 650 F.2d 885, 888 (7th Cir.1981); *Smith-Bey, supra*, at 26. *See also, Abbott v. Owens*, 1987 WL 8542, 1987 U.S. Dist. LEXIS 2320 (E.D.Pa. March 30, 1987); *Hunter v. Martin*, No. 86-5036 slip op. (E.D.Pa. Oct. 30, 1986).

Defense counsel will be expected to conduct discovery and other proceedings in a manner appropriate for such a *pro se* case.

ACCORDINGLY, this 15th day of September, 1992, IT IS HEREBY ORDERED that plaintiff's motion for appointment of counsel is DENIED.

1992 WL 236869, 1992 WL 236869 (E.D.Pa.)

END OF DOCUMENT

Copr. © West 2003 No Claim to Orig. U.S. Govt. Works