**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| GREGORY HUBBARD, ALVIN PHILLIPS, JULIAN PAYNE, ) <br> CURTIS GIBBS, GREGORY J. BOLLING, LEONARD ) <br> GARDNER, GREGORIO TOMAS, DESMOND BROWN, ) <br> THELLIE CHAMBLEE, SPUD M. BURNS, JR., ) <br> ROBERT WARD, CHRISTOPHER VAVALA, KRISTOFER ) <br> JACKSON, TIMOTHY THOMAS, PAUL C. WOODWARD, ) <br> JOSEPH MICHAEL CREEGAN, JR., JAVARI WILLIAMS, ) <br> FLOYD HUNT, BRYANT CHARLES, CLAUDE JONES, ) <br> EDDIE A. CARTER, THEODORE JACKSON, ANDRE ) <br> MURRAY, PEDRO RIVERA, JR., LINWARD WILSON, ) <br> WILLIAM T. DAVIS, WILL J. GRAHAM, KEVIN M. AGNEW, ) <br> NOEL SANTIAGO, WALTER KRANE, III, BARRY J. GREEN, ) <br> WEDUS MODDO, RAYMOND STEVENS, JAMES A. WILSON) <br> MATTHEW MAJOR, JR., DARREN MOON, KEVIN KETCHUM) <br> and PERCY OSBOURNE, on Behalf of Themselves and All Others) <br> Similarly Situated at the Multipurpose Criminal Justice Facility, ) <br> Wilmington, Delaware, ) <br> ) <br>       Plaintiffs, ) <br> ) <br>       v. ) <br> ) <br> STANLEY TAYLOR, Individually, and in His Official Capacity as) <br> Commissioner of Department of Corrections, and RAPHAEL ) <br> WILLIAMS, Individually and in His Official Capacity as Warden ) <br> of the Multipurpose Criminal Justice Facility and the DELAWARE) <br> DEPARTMENT OF CORRECTIONS, ) <br> ) <br>       Defendants. ) | C. A. No. 00-531 SLR |

**Plaintiffs' Opposition to Defendants' Motion to Consolidate**

**I.      Introduction**

The Plaintiffs of C.A. No. 00-531-SLR (hereinafter "Plaintiffs") hereby oppose Defendants' motion to consolidate C.A. No. 99-635-JJF (hereinafter "Poole") with C.A. No. 00-531-SLR for at least the following reasons: 1) counsel for Plaintiffs are without sufficient knowledge of whether Poole shares the same issues with Plaintiffs; 2) counsel for Plaintiffs will not necessarily represent Poole if the two cases are consolidated; and 3) balancing the considerations of efficiency, expense and fairness does not favor consolidation.  Therefore, the court should deny Defendants' motion to consolidate C.A. No. 99-635-JJF and C.A. No. 00-531-SLR.[1]

**II.     Requirements for Consolidation**

Rule 42(a) of the Federal Rules of Civil Procedure provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the actions; it may order all of the actions consolidated, and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."  However, "[w]hether consolidation should be ordered is a matter of sound judicial discretion."  *La Chemise Lacoste v. The Alligator Co.*, 60 F.R.D. 164, 175 (D.Del. 1973).

      **A.      It is not Clear that there are Common Issues of Fact or Law**

To support their assertion that the action should be consolidated, the Defendants argue that the issues in the two cases "involve[] the same time period 1998-2001, as well as the same issues: overcrowding and inadequate medical access/treatment…" D.I. 173, ¶ 6.  However, it is not clear that the two cases share the same questions of law or fact.  Defendants state that Poole

---

[1] Plaintiffs note that Defendants did not consult with Plaintiffs as required by Local Rule 7.1.1 before filing their Motion to Consolidate. *See Syngenta Seeds, Inc. v. Monsanto Co.*, 2004 WL 2002208 at *1 (D.Del.) (Exhibit A).

alleged Eighth Amendment violations regarding conditions of confinement. D.I. 173, ¶ 2. Plaintiffs have asserted Fourteenth Amendment violations during their confinement as pre-trial detainees. These are different claims. *Hubbard v. Taylor*, 399 F.3d 150, 167 n.23 (3d Cir. 2005).

### B.  Balance of Considerations Disfavors Consolidation

Even if the Court were to determine that the two cases share common questions of law or fact, "the mere existence of these issues does not require a joint trial as a matter of course." *Rohm & Haas Co. v. Mobil Oil Corp.*, 525 F.Supp. 1298, 1309 (D.Del. 1981). "Whether or not to consolidate cases is at the discretion of the district court, but often courts balance considerations of efficiency, expense and fairness." *Syngenta Seeds, Inc. v. Monsanto Co.*, 2004 WL 2002208 at *1 (D.Del.) (Exhibit A). A factor that should be considered is that C.A. No. 00-531 has already completed the discovery phase of the case and the Court has heard summary judgment motions that were decided and appealed and remanded. Therefore, Plaintiffs' case is ready for trial. By contrast, C.A. No. 99-635 is not ready for trial. Indeed, it appears that there has been no Scheduling Order entered. "[T]he cases should not be consolidated as a matter of sound judicial administration." *La Chemise Lacoste v. The Alligator Co.*, 60 F.R.D. 164, 176 (D.Del. 1973).

### III.  Consolidation Does Not Merge Suits Into A Single Cause

Defendants argue that if the two cases are consolidated, "Poole joins a <u>class</u> with whom he shares the same issues and moreover, he will be provided with legal representation which thus far has alluded [sic – eluded] him." D.I. 173, ¶ 6 (emphasis added). These assertions are wrong. *See Tracinda Corp. v. DaimlerChrysler AG*, 2001 WL 849736 at *2 (D.Del.)(Exhibit B). Neither case has been certified as a class action. Indeed, Plaintiffs moved for class certification

and Defendants opposed. It is disingenuous for Defendants to now argue that Poole would join a class that has not been certified and that they opposed.

Moreover, Poole would not necessarily be provided with legal representation by counsel for Plaintiffs merely because the cases were consolidated. *Id.* Counsel for Plaintiffs have had no contact with Poole and do not know if he would even accept representation by the undersigned or vice versa. Because of the different theories of the respective cases (Eighth Amendment versus Fourteenth Amendment), it is doubtful that the undersigned would accept that representation.

**IV.  Conclusion**

The best way for Poole to merge into Plaintiffs' case is if he is determined to be a member of the class of pretrial detainees which Plaintiffs have moved to be certified and if the Court grants the class certification motion. In terms of judicial economy, this is the better method for "joining" Poole into Plaintiffs' lawsuit. The requested consolidation should therefore be denied.

Respectfully submitted,

/s/ Helena C. Rychlicki
Paul E. Crawford, Esq. (#0493)
Helena C. Rychlicki, Esq. (#3996)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street, PO Box 2207
Wilmington, DE  19801
Attorneys for Plaintiffs

Dated:  May 2, 2005

394184_1.DOC

## CERTIFICATE OF SERVICE

I, Helena C. Rychlicki, do hereby certify that on this 2nd day of May, 2005, I electronically filed PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE with the Clerk of the Court using CM/ECF, which will send notification of such filing to the following:

Richard W. Hubbard, Esquire
State of Delaware, Dept. of Justice
Deputy Attorney General
820 N. French St, 6th Floor
Wilmington, DE 19801
richard.hubbard@state.de.us

I, Helena C. Rychlicki, do hereby certify that on this 2nd day of May, 2005, I have mailed by United States Postal Service PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO CONSOLIDATE to the following non-registered participant in Civil Action Number 99-635-JJF:

Samuel Poole, Inmate
BN-5599
P.O. Box 1000
Houtzdale, PA 16698-1000

/s/ Helena C. Rychlicki
Helena C. Rychlicki, Esq. (#3996)