# Exhibit B

Westlaw

Not Reported in F.Supp.2d
2001 WL 849736 (D.Del.)
**(Cite as: 2001 WL 849736 (D.Del.))**

Page 1

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, D. Delaware.
TRACINDA CORPORATION, a Nevada corporation,
Plaintiff,
v.
DAIMLERCHRYSLER AG, a Federal Republic of
Germany corporation; Daimler-Benz AG,
a Federal Republic of Germany corporation; Juergen
Schrempp, a citizen of the
Federal Republic of Germany; Manfred Gentz, a
citizen of the Federal Republic
of Germany; Hilmar Kopper, a citizen of the Federal
Republic of Germany,
Defendants;
GLICKENHAUS & CO., et al., Plaintiffs,
v.
DAIMLERCHRYSLER AG, et al., Defendants;
In re: DAIMLERCHRYSLER AG SECURITIES
LITIGATION.
**No. CIV. A. 00-984-JJF, CIV. A. 01-004-JJF, CIV.
A. 00-993-JJF.**

July 26, 2001.

Joseph A. Rosenthal, Esquire, and Carmella P. Keener, Esquire of Rosenthal, Monhait, Gross & Goddess, P.A., Wilmington, Delaware. Of Counsel: Lowey, Dannenberg, Bemporad & Selinger, P.C., White Plains, New York. Attorneys for Glickenhaus Plaintiffs.

A. Glichrist Sparks, III, Esquire, Alan J. Stone, Esquire, and Jessica Zeldin, Esquire of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware. Of Counsel: Terry Christensen, Esquire, James S. Schreier, Esquire, Steven J. Aaronoff, Esquire, and Eric P. Early, Esquire of Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, Los Angeles, California. William G. McGuinness, Esquire and Julie E. Kamps, Esquire of Fried, Frank, Harris, Shriver & Jacobson, New York, New York. Attorneys for Plaintiff Tracinda Corporation.

Jay W. Eisenhofer, Esquire, Abott A. Leban, Esquire, and Richard M. Donaldson, Esquire of Grant & Eisenhofer, P.A., Wilmington, Delaware. Of Counsel: Vincent R. Cappucci, Esquire and Catherine Torell, Esquire, Entwistle & Cappucci LLP, New York, New York. Jeffrey A. Klafter, Esquire and Stacy E. Osborne, Esquire of Bernstein Litowitz Berger & Grossmann LLP, New York, New York. Jeffrey W. Golan, Esquire and Samuel R. Simon, Esquire of Barrack Rodos & Bacine, Philadelphia, Pennsylvania. Attorneys for Co-Lead Plaintiffs, The Florida State Board of Administration, Municipal Employees Annuity and Benefit Fund of Chicago, Denver Employees Retirement Plan, Policemen's Annuity and Benefit Fund of Chicago, and Municipal Employees Annuity and Benefit Fund of Chicago.

Thomas J. Allingham II, Esquire, Robert S. Saunders, Esquire, Kenneth A. Polite, Jr., Esquire of Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, Delaware. Of Counsel: Jonathan J. Lerner, Esquire, J. Michael Schell, Esquire, Joseph N. Sacca, Esquire and Jacob E. Hollinger, Esquire of Skadden, Arps, Slate, Meagher & Flom LLP, New York, New York. Attorneys for Defendants DaimlerChryler AG, Daimler-Benz AG, Jürgen Schrempp and Manfred Gentz.

Peter J. Walsh, Jr., Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware. Of Counsel: Milbank, Tweed, Hadley & McCloy LLP, New York, New York. Attorneys for Defendant Hilmar Kopper.

MEMORANDUM OPINION

FARNAN, District J.

*1 Pending before the Court is a Motion To Consolidate (D.I.33)  [FN1] filed by Defendants, DaimlerChrysler AG, Daimler-Benz AG, Juergen Schrempp, and Manfred Gentz requesting the Court to consolidate twenty-two class actions, and two related actions brought individually by Tracinda Corporation and Glickenhaus & Co., respectively. Since the filing of Defendants' Motion, the twenty-two class actions were consolidated by an agreement among the parties (D.I. 30, 34, 35) and an Amended Consolidated Class Action Complaint was filed on behalf of the Class Plaintiffs (D.I.41). However, Defendants maintain that the remaining two individual actions should be consolidated with the consolidated class action. In response to Defendants' Motion, Class Plaintiffs, Tracinda Corporation and Glickenhaus & Co. oppose any further consolidation of these actions. In the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2001 WL 849736 (D.Del.)
**(Cite as: 2001 WL 849736 (D.Del.))**

Page 2

alternative, Tracinda and Glickenhaus propose a "Plan of Coordination" which would require the Court to enter an "Order Of Coordination" aimed at establishing procedures to be used by the parties during discovery. The Motion has been fully briefed and is ripe for the Court's review.

> FN1. All Docket Item references are to the documents as filed in Civil Action No. 00-993-JJF.

DISCUSSION

In pertinent part, Rule 42 of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed.R.Civ.P. 42(a). Although common issues are a prerequisite to consolidation, the Court must also consider such factors as the saving of money, time and effort and any prejudice to the rights of the parties as a result of consolidation. *See e.g. Rohm & Hass Co. v. Mobil Oil Corp.,* 525 F.Supp. 1298, 1309 (D.Del.1981).

After reviewing the briefs in opposition to consolidation filed by Class Plaintiffs, Tracinda and Glickenhaus, it appears to the Court that the primary concern among the parties is whether consolidation for trial is warranted in this action. For example, in their opposition brief, Lead Plaintiffs state that they "do not fundamentally oppose consolidation for pre-trial purposes." (D.I. 28 at 1). However, Lead Plaintiffs contend that it is too early to determine whether the action should be consolidated for trial, and if the actions are consolidated for discovery, they should not be consolidated in the manner proposed by Defendants which would limit all plaintiffs to serving one joint set of discovery requests and allow only one questioner at depositions.

Likewise, Tracinda and Glickenhaus acknowledge that there is "overlap" among the Complaints in these actions and that there are common factual and legal questions among the actions. (D.I. 29 at 21, D.I. 30 at 11). Nevertheless, Glickenhaus and Tracinda maintain that their actions contain separate common law claims based on alleged oral misrepresentations that are sufficient to defeat any request for consolidation.

*2 After reviewing the cases upon which Glickenhaus and Tracinda rely in the context of the Complaints in this case, the Court disagrees with the position advanced by Glickenhaus and Tracinda. The cases upon which Glickenhaus and Tracinda rely are cases involving the question of whether to certify a class under Rule 23 of the Federal Rules of Civil Procedure. *See e.g. Clark v. Watchie,* 513 F.2d 994 (9th Cir.1975); *Groshek v. Covington County Bank,* [1979-1980 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 97,289 (N.D.Ala. Jan. 31, 1980); *Sanders v. Robinson Humphrey/Am. Express, Inc.,* [1986-1987 Transfer Binder] Fed. Sec. L. Rep. (CCH) ¶ 92,880, at 94,272 (N.D.Ga. July 8, 1986). The standard under Rule 23 is whether common issues predominate over individual questions, a standard which is different than the standard for consolidation under Rule 42(a). Further, it appears to the Court that many of the facts relied upon by Tracinda and Glickenhaus to support their common law claims are facts recited in the Class Action Complaint, suggesting that these facts may be relevant to the Class Plaintiffs' action as well. Where, as here, common questions of law and fact exist among the claims advanced, the mere pursuit of a different legal theory or a different claim by one of the parties is insufficient to defeat a motion to consolidate. *See Aronson v. McKesson HBOC, Inc.,* 79 F.Supp.2d 1146, 1151 (N.D.Cal.1999); *Discount Bank & Trust Co. v. Salomon Inc.,* 141 F.R.D. 42, 44 (S.D.N.Y.1992) (addition of a RICO claim by one plaintiff based on conduct alleged in earlier class action complaints is insufficient to warrant denial of consolidation); *Waldman v. Electrospace Corp.,* 68 F.R.D. 281, 284 (S.D.N.Y.1975) (holding that "[e]nough common and related issues exist with respect to all claims" to warrant consolidation even though some plaintiffs raised a claim which other plaintiffs did not raise). And, even if each and every fact is not relevant to each and every party's claims, the Court finds that enough common issues of law and fact exist among the parties' claims to satisfy the prerequisite of Rule 42(a).

Having concluded that the prerequisite for consolidation has been established, the Court must balance the benefits and detriments associated with consolidation. In this case, Glickenhaus and Tracinda make duplicative arguments that they will be prejudiced in this case, because they will "effectively be denied full-use of their counsel of choice," "be forced to accept counsel not of their choosing," or their counsel will be forced to represent the other plaintiffs. (D.I. 30 at 1, 3, 22; D.I. 29 at 23-24). In the Court's view, Tracinda and Glickenhaus's fear is overstated. As the United States Supreme Court has recognized, consolidation "does not merge the suits

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                   Page 3
2001 WL 849736 (D.Del.)
**(Cite as: 2001 WL 849736 (D.Del.))**

into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-497 (1933)*; *Cella v. Togum Constructeur Ensemleier en Industrie Alimentaire,* 173 F.3d 909 (3d Cir.1999). Indeed, those courts considering similar arguments concerning the impact of consolidation on a party's choice of counsel or its procedural and substantive rights have relied on *Johnson* to conclude that no such prejudice will result from consolidation. *Primavera Familienstiftung v. Askin,* 1173 F.R.D. 115, 129-130 (S.D.N.Y.1997); *Discount Bank,* 141 F.R.D. at 44. As in *Primavera* and *Discount Bank,* the collective Plaintiffs in this case will still be able to pursue any individual claims they have and will still be able to maintain their respective attorneys. Indeed, Glickenhaus and Tracinda do not oppose some form of coordination and cooperation in this case, and in the Court's view, consolidation will further those goals by requiring the parties to coordinate their efforts while simultaneously increasing the efficient handling of these cases and easing the administrative burdens on the Court.

**\*3** Moreover, to emphasize the Court's goals in consolidating these cases without prejudicing or curtailing the parties' rights, the Court will order consolidation at this juncture without entering any detailed discovery order. Discovery in this matter is currently stayed, and by delaying the entry of a more detailed order, the Court seeks to give the parties an opportunity to meaningfully discuss and coordinate a satisfactory approach to discovery. Further, the Court notes that it can revisit and amend its order of consolidation as circumstances require. *See e.g., In re Repetitive Stress Injury Litig.,* 11 F.3d 368, 372 (2d Cir.1993). Accordingly, the Court will only order consolidation for pre-trial and discovery purposes at this point, will reserve decision on the question of consolidation for trial purposes, and will revisit its consolidation order during the course of this litigation as needed.

### CONCLUSION

For the reasons discussed, Defendant's Motion For Consolidation will be granted.

An appropriate Order will be entered.

### ORDER

At Wilmington, this 26 day of July 2001, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED this 26 day of July 2001, that:

1. Defendants' Motion To Consolidate (D.I. 33 in Civil Action No. 00-993) is GRANTED.
2. Civil Action Nos. 00-984-JJF, 00-993-JJF and 01-004-JJF are CONSOLIDATED for pre-trial and discovery purposes.
3. Civil Action No. 00-993 shall be the lead case. All documents filed in this consolidated action shall be placed in the file of Civil Action No. 00-993-JJF.
4. The caption henceforth shall be:

```
       IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

IN RE: DAIMLERCHRYSLER AG           :   Civil Action No. 00-993/00-984/01-004-JJF
SECURITIES LITIGATION.              :
                                    :
_____:
                                    :
                                    :   CONSOLIDATED ACTION
TRACINDA CORPORATION,               :
a Nevada Corporation,               :
                                    :
            Plaintiff,              :
     v.                             :
                                    :
DAIMLERCHRYSLER AG, a Federal       :
Republic of Germany                 :
corporation; DAIMLER-BENZ AG,       :
a Federal Republic of Germany       :
corporation; JUERGEN SCHREMPP,      :
a citizen of the Federal            :
Republic of Germany;                :
MANFRED GENTZ, a citizen of         :
```

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                         Page 4
2001 WL 849736 (D.Del.)
**(Cite as: 2001 WL 849736 (D.Del.))**

```
the Federal Republic of         :
Germany; HILMAR KOPPER, a       :
citizen of the Federal          :
Republic of Germany,            :
                                :
          Defendants.           :
_____  :
                                :
GLICKENHAUS & CO., et al.,      :
                                :
          Plaintiffs,           :
                                :
     v.                         :
                                :
DAIMLERCHRYSLER AG, et al.,     :
                                :
          Defendants;           :
                                :
```

 2001 WL 849736 (D.Del.)

**Motions, Pleadings and Filings (Back to top)**

• 2001 WL 34131301 (Trial Motion, Memorandum and Affidavit) Daimlerchrysler Defendants' Opening Brief in Support of Their Motion to Dismiss Plaintiffs' Complaints (May. 09, 2001)

• 1:01CV00004 (Docket) (Jan. 03, 2001)

• 1:00CV00993 (Docket) (Nov. 28, 2000)

• 1:00CV00984 (Docket) (Nov. 27, 2000)

END OF DOCUMENT