IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL TURNER POOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 99-635-SLR |
| | ) |
| STAN TAYLOR and RAPHAEL WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

O R D E R

At Wilmington this 25th day of August, 2005, having considered plaintiff's motions for appointment of counsel and to strike;

IT IS ORDERED that said motions (D.I. 56, 60, 65) are **denied** for the reasons that follow:

1.  **Motion for Appointment of Counsel.** A pro se litigant proceeding in forma pauperis, has no constitutional or statutory right to representation by counsel. See Ray v.Robinson, 640 F.2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). The "decision to appoint counsel may be made at any point in the litigation, and may be made by a district court sua sponte." Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

2.  It is within the court's discretion, however, to seek representation by counsel for plaintiff, but this effort is made

only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993)(representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law). After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d at 499.

    3.   In his motions for appointment of counsel, plaintiff states that he unable to afford counsel and, apparently, he believes counsel is necessary to prosecute his case. (D.I. 56, 60) Having reviewed plaintiff's motions as well as the entire record, the court does not find that appointment of counsel is warranted at this time. Although it is obvious that plaintiff

lacks sufficient funds to employ counsel, it is equally clear that he possesses the ability to adequately pursue his claims without the assistance of counsel.

    4.   **Motion to Strike.** Plaintiff moves to strike defendants' counterclaim on the grounds that they have violated his constitutional rights. (D.I. 60) Construing this pleading broadly, it appears plaintiff is stating the legal authority for his case and demanding judgment accordingly. Considering that this case has not yet had the benefit of discovery or motion practice, plaintiff's motion (D.I. 60) is denied without prejudice to renew in accordance with the following schedule:

        a.   **Discovery.** All discovery in this case shall be initiated so that it will be completed on or before **December 27, 2005.**

        b.   **Application by Motion.** Any application to the court shall be by written motion filed with the Clerk. Unless otherwise requested by the court, the parties shall **not** deliver copies of papers or correspondence to chambers.

        c.   **Summary Judgment Motions.** All summary judgment motions and opening briefs and affidavits, if any, in support of the motion, shall be served and filed on or before **January 27, 2006.** Answering briefs and affidavits, if any, shall be filed on or before **February 27, 2006.** Reply briefs shall be filed on or

before **March 13, 2006.**

                                                                        _____
                                                                       United States District Judge