IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL TURNER POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 99-635-SLR |
| | ) | |
| STAN TAYLOR, and | ) | |
| RAPHAEL WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT
OF THEIR MOTION FOR SUMMARY JUDGMENT**

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

Richard W. Hubbard (I.D. No 2442)
Deputy Attorney General
Carvel State Building, 6th Floor
820 North French Street
Wilmington, Delaware 19801
(302) 577-8400
richard.hubbard@state.de.us

Dated: January 30, 2006

Attorney for the Defendants

**TABLE OF CONTENTS**                                                    Page

TABLE OF AUTHORITIES……………………………………………………..........ii

NATURE AND STAGE OF THE PROCEEDINGS…………………………………........1

SUMMARY OF THE ARGUMENT……………………………………………...............3

STATEMENT OF FACTS…………………………………………………………........4

ARGUMENT

    I.    THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.......5

    II.    MATTRESSES ON THE FLOOR ARE NOT A PER SE VIOLATION OF DUE PROCESS, AND--IF QUALIFIED IMMUNITY IS DENIED--DETAILED FINDINGS OF FACT MUST SUPPORT ANY FINDINGS OF A VIOLATION........................................................................12

    III.    PLAINTIFF HAS FAILED TO ALLEGE OR SHOW INVOLVEMENT BY THE DEFENDANTS IN HIS MEDICAL CARE.....................................13

CONCLUSION.................................................................................................................15

# **TABLE OF AUTHORITIES**

**Cases:**                                                                                                      **Page**

*Abdul-Akbar v. Watson*, 4 F.3d 195 (3d Cir. 1993) ...............................................................................6

*Anderson v. Creighton,* 483 U.S. 635, 640 (1987) ................................................................................5

*Bagwell v. Brewington-Carr*, Civ. A. No. 97-321, Sleet, J. (D. Del. April 27, 2000),
*aff'd*, No. 00-1987 (3d Cir. April 16, 2002) ...........................................................................................9

*Bartley v. Taylor*, Civ. A. No. 98-503, McKelvie, J. (D. Del. December 10, 1999) ..........................8

*Boring v. Kozakiewicz*, 833 F. 2d 468, 473 (3d Cir. 1987).................................................................14

*Brandon v, Taylor, et al.*, Civ. A. No. 97-205, Robinson, J. (D. Del. March 27, 2000)................11

*Brosseau v. Haugen*, 543 U.S. 194, 125 S.Ct. 596, 599 (2004) .........................................................5

*Ellegood v. Taylor*, No. 01-213, 2002 WL 449758 (D.Del. March 18, 2002) .........................11, 12

*Estelle v. Gamble*, 429 U.S. 97 (1976) ................................................................................................14

*Harris v. Brewington-Carr,* Civ. A. No. 98-9, Sleet, J., 1999 WL 33220027
(D. Del. April 30, 1999) ........................................................................................................................10

*Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005)................................................................... *passim*

*Jackson v. Brewington-Carr,*Civ. A. No. 97-270, Farnan, J., 1999 WL 27124
 (D.Del. January 15, 1999) ....................................................................................................................8

*Kost v. Kozakiewicz,* 1 F.3d 176 (3d Cir. 1993) .................................................................................12

*Martin v. Brewington-Carr*, Civ. A. No. 98-4, Farnan, J. (D. Del. January 5, 1998)......................9

*McCray v. First State Medical System,* 379 F.Supp. 635, 638-39 (D.Del. 2005)............................3

*McKenna v. Brewington-Carr, et al.,* Civ. A. No. 98-368, Farnan, J. (D. Del. April 5, 1999) .....10

*Natale v. Camden County Correctional Facility,* 318 F.3d 575, 581-82 (3d Cir. 2003)...............14

*Renn v. Taylor*, Civ. A. No. 99-765, Robinson, J., 2001 WL 657591............................................7
(D.Del. March 2, 2001)

*Saucier v. Katz,* 533 U. S. 194 (2001) ....................................................................................................5

**Cases:** **Page**

*Siegert v. Gilley,* 500 U.S. 226 (1991).................................................................................................6

*Torres v. Brewington-Carr*, Civ. A. No. 98-159, Longobardi, J.
(D. Del. November 29, 1999) ................................................................................................9

*Union County Jail Inmates v. DiBuono*, 713 F. 3d 984 (3d Cir. 1983) ......................................3, 12

*Wilson v. Seiter*, 501 U.S. 294 (1991)...............................................................................................12

**Statutes, Rules and Other Authorities:**

*United States Constitution, 8th Amendment* .............................................................................11, 14

*United States Constitution, 14th Amendment, Due Process Clause* .........................................11, 12

42 *U.S.C.* §1983 ................................................................................................................................14

## NATURE AND STAGE OF THE PROCEEDINGS

On or about September 22, 1999, the Plaintiff, Samuel Turner Poole (hereinafter, "Plaintiff") filed the instant lawsuit pursuant to 42 U.S.C. §1983, alleging Eighth Amendment violations. (D.I. 2). On January 3, 2002, this Court dismissed Plaintiff's complaint as frivolous (D.I. 21,22).

On or about January 18, 2002, the Plaintiff filed a Notice of Appeal. On October 22, 2003, the Third Circuit Court of Appeals issued an order which vacated the District Court's order and remanded this action to the District Court for further proceedings. *See Poole v. Taylor,* No. 02-1385, 2003 WL 22319222 (3$^d$ Cir.).

On October 29, 2003, the Plaintiff filed a motion to amend his complaint. On November 4, 2003 the Court denied the Plaintiff's motion to amend the complaint and granted the Plaintiff's motion to file a supplemental complaint.

On February 6, 2004, Defendants filed their answer to the complaint. (D.I. 49). On February 26, 2004, Plaintiff filed what he designated as "a Counterclaim" against Stan Taylor and Raphael Williams. (D.I. 51).

On November 12, 2004, the Court granted Defendants' motion to stay these proceedings due to the pending decision by the Third Circuit Court of Appeals in *Hubbard v. Taylor.*

On May 06, 2005, the Court issued an order granting consolidation of cases C.A. No. 99-635 and C.A. No. 00-531. (D.I. 69) On August 05, 2005, the Court issued an order to de-consolidate cases No. 99-635 and No. 00-531. (D.I. 70). On or about August 26, 2005 the Court issued a scheduling order setting scheduling deadlines and denied the Plaintiff's motion for appointment of counsel. Under the scheduling order, dispositive motions were due by January 27, 2006. (D.I. 72,73). On January 27, 2006, Defendants filed a motion for a one business day

1

extension of time, until January 30, 2006. This is the Defendants' Opening Brief in Support of Their Motion for Summary Judgment, and a motion for summary judgment accompanies this brief.

**SUMMARY OF ARGUMENT**

1.   The Defendants are entitled to qualified immunity.  This Court has ruled on nine separate occasions that mattresses on the floor at Gander Hill are a constitutional practice without regard to status as detainee or inmate.

2.   In the event qualified immunity is denied, a hearing and detailed findings of fact are required prior to a finding of any constitutional violation.  The Third Circuit Court of Appeals did not rule in *Hubbard v. Taylor* that mattresses on the floor are a constitutional violation.  To the contrary, the appellate court found that statements to that effect in *Union County Jail Inmates v. DiBuono*, 713 F. 3d 984 (3d Cir. 1983), were *dicta*.  The Court of Appeals stated that any finding of a violation would depend on the totality of the circumstances.

3.   Plaintiff has not alleged or shown any involvement by the Defendants in his medical care. He has not even alleged they had any knowledge of it.  His allegation of a fear of infection fails to state a claim upon which relief may be granted.  *McCray v. First State Medical System,* 379 F.Supp. 635, 638-39 (D.Del. 2005).

## **STATEMENT OF FACTS**

Plaintiff's complaint and supplemental complaint allege that he was forced to sleep on a cot on the floor at Gander Hill prison for several months during 1999. (D.I. 2, 37). The complaint alleged that at some point insects crawled on him, and the supplemental complaint alleges that in July 1999 he received a cut for which he had 15 stitches, and he was concerned about a possible infection. He saw a nurse who advised him that it was not infected. (D.I. 37). Apparently, he had no further problem as none is alleged.

The gist of this complaint is that plaintiff was forced to sleep on a cot or mattress on the floor at Gander Hill for several months in 1999. This issue is that same as the primary issue in this Court's C.A. No. 00-531-SLR, *Hubbard v. Taylor*. The outcome of both these actions should be the same: summary judgment for the defendants pursuant to the doctrine of qualified immunity. This issue has been extensively briefed in the *Hubbard* case with counsel on both sides. Therefore, to avoid tedious repetition, the brief in this action is abbreviated and incorporates the appendix to defendants' summary judgment brief in *Hubbard v. Taylor* by reference rather than duplicating it.

**ARGUMENT**

I. **THE DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.**

As noted in the "Statement of Facts" section above, the gist of Plaintiff's claim is identical to the claim in *Hubbard v. Taylor*: that it is a violation of due process for detainees to be forced to sleep on a mattress or cot on the floor for several months. For the following reasons, the Defendants should be granted qualified immunity on this issue.

   A. **Immunity must be granted where the law is not clearly established in a particularized sense.**

Qualified immunity shields officials from suit and the burdens of litigation when they make a decision that, even if constitutionally, deficient, reasonably misapprehends the law under the circumstances. *Saucier v. Katz*, 533 U.S. 194 (2001). If the law does not establish in a particularized sense that the conduct clearly would violate the law, then immunity must be granted. *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). A court may not point to a generalized test or standard and deem it fair warning. *Brosseau v. Haugen*, 543 U.S. 194, 125 S.Ct. 596, 599 (2004) ("The Court of Appeals acknowledged this statement of law, but then proceeded to find fair warning in the general tests set out in *Graham* and *Garner* …. In doing so, it was mistaken. *Graham* and *Garner*, following the lead of the Fourth Amendment's text, are cast at a high level of generality.").

The defense of qualified immunity for governmental actors exists as a notice requirement to shield such individuals from personal liability in the face of ever-changing judicial interpretations of the United States Constitution. Though the judiciary's interpretation of what constitutes a constitutional violation is not static, qualified immunity protects the government actor from the impossible task of having to predict changes in constitutional law. While

5

governmental officials can reasonably be expected to follow the law, they cannot be expected to anticipate changes in the law. Based on the cases that follow, even should the Court find that the conditions that existed at Gander Hill during the relevant period violated the Fourteenth Amendment, Commissioner Taylor and Warden Williams cannot be held personally liable as they have not adequately been put on notice that such conditions of confinement violated the United States Constitution.

The first question before the Court in a qualified immunity analysis is whether the facts show that the state actor's conduct violated a constitutional right. *Saucier v. Katz,* 533 U.S. 194 (2002), citing *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). The next stage of qualified immunity analysis requires that the Court ask whether the constitutional right allegedly violated was clearly establish. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. This Court has ruled in at least ten conditions of confinement cases originating from Gander Hill that have encompassed the allegations set forth by the Plaintiff in his Supplemental Complaint. In these cases, the District of Delaware has recognized that overcrowding is an unfortunate fact of life for Delaware inmates, but triple-bunking and sleeping on a mattress on a floor do not violate the Eighth Amendment or the Due Process Clause. Thus, even should the Court reject its own jurisprudence in light of the Third Circuit's decision in *Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005), the Defendants are still entitled to summary judgment as to the conditions that have previously been found to be constitutionally permissible by this Court.

    **B.**    **District of Delaware jurisprudence on the issue of mattresses on the floor.**

In *Abdul-Akbar v. Watson*, 4 F.3d 195 (3d Cir. 1993), the Third Circuit Court of Appeals

stated the following:

> We would thus be exceedingly hard-pressed to hold that these four defendant officials, who are not as learned in the legal discipline as are those responsible for fashioning constitutional rules, could have been expected to recognize the existence and nature of the constitutional right that the district court held to be clearly established. Indeed, if members of the judiciary cannot reach a clear consensus regarding A[t]he contours of the right@ . . . can we reasonably expect more from those who are required to implement those rights?

4 F.3d at 205. In *Abdul-Akbar*, there had been a difference of opinion between the Magistrate and the District Judge as to the constitutionality of the legal services at the Delaware Correctional Center. With respect to the primary issue in the instant case, every Delaware District Judge has separately ruled that mattresses on the floor at the Gander Hill prison are constitutionally permissible.[1]

    1.    *Renn v. Taylor*

In *Renn v. Taylor*, Civ. A. No. 99-765, Robinson, J., 2001 WL 657591 (D.Del. March 2, 2001), Chief Judge Robinson found that the plaintiff=s claims of an Eighth Amendment violation at Gander Hill prison not only lacked merit, but were frivolous. *Id.*, at *3. The prisoner=s claims mirrored those in this lawsuit: the prison was crowded, he shared a one-man cell with two other inmates, he had to sleep on a mattress on the floor, his bedding was dirty, the noise level was high, he was allowed only one hour of exercise per week, and there was a lack of rehabilitation programs available. *Id.*, at *2. This Court stated the following:

---

[1] The unreported opinions of this Court cited in this portion of the brief were contained in the Defendants' Opening Brief in Support of Their Motion for Summary Judgment, and its Appendix, filed on August 30, 2002, in *Hubbard v. Taylor*, C.A. No. 00-531-SLR (D.I. 150, 151).

> In this case, plaintiff has failed to allege any threat of serious harm posed by the conditions of his confinement. For instance, plaintiff does not allege that he was denied a mattress or blankets and acknowledges he was given exercise time. While sleeping on a mattress on the floor is not ideal, the Court recognizes, as numerous other courts in this circuit have, that prison overcrowding is now a fact of life. As long as plaintiff is receiving adequate food, shelter, and clothing, sleeping on the floor is not a violation of the Eighth Amendment. Plaintiff=s claim that the defendants violated his right to be free from cruel and unusual punishment under the Eighth Amendment has no arguable basis in law and, therefore, is frivolous. *Because the Court finds this claim to be frivolous on its face,* it will dismiss this claim without first requiring exhaustion of administrative remedies.

*Id.*, at *3 (citations omitted, emphasis added). The uncontradicted record in *Hubbard v. Taylor* showed that Renn was a detainee during at least a portion of the period covered by his lawsuit.[2]

    2.    *Jackson v. Brewington-Carr*

In *Jackson v. Brewington-Carr*, 1999 WL 27124 (D.Del.), District Judge Farnan similarly rejected a Gander Hill inmate=s claim that his Eighth Amendment rights were violated because he had to sleep on a mattress on the floor. Judge Farnan stated:

> Numerous courts in this circuit have recognized the unfortunate circumstances incident to prison overcrowding and have confronted the issue of inmates being forced to sleep on the floor. Where confinement to the floor is temporary due to the inavailability [*sic*] of bed space, such confinement does not rise to a constitutionally impermissible level.
>     Although Plaintiff does not specifically state the length of time he was required to sleep on the floor, a memorandum written by prison officials in response to Plaintiff=s grievance indicates that the measure was temporary and that Plaintiff was to be transferred to a cell as soon as bed space became available.

*Id.*, at *3 (citations omitted).

    3.    *Bartley v. Taylor*

In *Bartley v. Taylor,* D.Del., No. 98-503, McKelvie, J. (December 10, 1999) (Memorandum and Order), District Judge McKelvie found that the plaintiff=s claim that the overcrowded conditions at

---

[2] *See* Defendants' Reply Brief in Support of Their Motion for Summary Judgment at 18 and Appendix thereto at C-6 in *Hubbard v. Taylor*, C.A. No. 00-531-SLR (D.I. 160, 161).

8

Gander Hill, which included being forced to sleep on the floor and being near an open toilet, failed to state a claim upon which relief could be granted. *Id.*, at 3. Judge McKelvie stated:

> Bartley appears to allege that he is deprived of bedsprings instead of a mattress on the floor, what he thinks is enough space to move around, privacy when using the toilet, and peace and quiet. None of these things has been identified by courts as Abasic human needs.@

*Id.*, at 4.

    4.    *Bagwell v. Brewington-Carr*

In *Bagwell v. Brewington-Carr*, 2000 WL 1728148 (D.Del.), District Judge Sleet rejected the Gander Hill prisoner=s claims of an Eighth Amendment violation due to overcrowding, double bunking, detainees sleeping on mattresses (which were alleged to be a fire hazard), lockdowns, limited time in the prison yard, cold food, and frequently broken toilets. The Court cited to *Wilson v. Seiter*, *supra*, noted that Bagwell admitted he received food and a place to sleep, and stated that he failed to allege the deprivation of any basic human need. *Id.*, at *18.

    5.    *Torres v. Brewington-Carr*

In *Torres v. Brewington-Carr*, D.Del., No. 98-159, Longobardi, J. (November 29, 1999) (Order), District Judge Longobardi rejected plaintiff=s claims of an Eighth Amendment violation because the plaintiff was housed in a three-man cell at Gander Hill, his opportunity for exercise was limited, and meals were served below the required temperature. The order relies in part on *Martin v. Brewington-Carr*, D.Del., No. 98-04-JJF (January 5, 1998): Athe fact that an inmate had to sleep on the floor in crowded or dirty conditions is insufficient to state a claim under Section 1983. . . .@ *Torres*, at 5, quoting *Martin*, at 2.

    6.    *Martin v. Brewington-Carr*

In *Martin v. Brewington-Carr*, Civ. A. No. 98-04, Farnan, J. (D.Del. December 31, 1997), the Plaintiffs alleged that they were forced to sleep on the floor for several days with other inmates,

9

that the air vents were dirty, and that they were denied medical treatment for the health problems that they suffered from the purportedly dirty air. Not only did the Court reject the Plaintiffs' claims and dismiss the case without service on the Warden, the Court specifically found the claim to be frivolous under 28 U.S.C.A. §1915(e).

       7.     *McKenna v. Brewington-Carr*

This Court again dismissed as frivolous under 28 U.S.C.A. §1915(e) an inmate's claim which alleged constitutional violations based on the grounds, among others, that he had to sleep on the floor and that the inmate population was denied adequate medical care. *McKenna v. Brewington-Carr*, Civ. A. No. 98-368, Farnan, J. (D.Del. April 5, 1999)("Whereas the Courts in this Circuit have repeatedly held that, in light of prison overcrowding problem and the need for prison authorities to take interim measures to house inmates within limited space, the fact that an inmate had to sleep on the floor in crowded or dirty conditions is insufficient to state a claim under Section 1983, and therefore, this Court concludes that the Plaintiff has no arguable legal basis for his claim regarding sleeping on the floor.").

       8.     *Harris v. Brewington-Carr*

In *Harris v. Brewington-Carr*, Civ.A.No.98-0, Sleet, J., 1999 WL 33220027 (D.Del. April 30, 1999), this Court granted then-Warden Sharese Brewington-Carr's motion to dismiss inmate Harris's claims related to overcrowding at Gander-Hill. The Court stated:

> [W]hile the conditions Harris describes were arguably not the most ideal, they were nonetheless habitable. Moreover, throughout his incarceration, Harris received the basic life necessities, such as food to eat, a place to sleep, and room to relax or exercise. Absent the deprivation of a "single, identifiable human need," the court cannot conclude that allegations of general overcrowding amount to cruel and unusual punishment under the Eighth Amendment.

*Id*. *2(citation omitted).

      9.     <u>*Brandon v. Taylor*</u>

Subsequent to its order in *Harris*, the Court rendered similarly favorable decisions in *Bartley, Renn, and Bagwell, supra*, as well as *Brandon v. Taylor*, Civ.A. No. 97-205, Robinson, J. (D. Del. March, 2000). In dismissing yet another conditions of confinement complaint initiated by an inmate housed at Gander Hill, this Court found that the Plaintiff's claim relating to sleeping on the floor, going days without a shower, and delays in medical treatment did not demonstrate that the conditions the inmate was subjected to involved "the wanton and unnecessary infliction of pain," were "grossly disproportionate to the severity of the crime warranting imprisonment," or deprived the plaintiff of the "minimal civilized measure of life's necessities." *Id.* at 6 (citation omitted).

The repeated and consistent decisions from this Court, far from putting the defendants on notice that the practice of triple-bunking (or triple-celling," as the Third Circuit panel called it) violates an inmate's constitutional rights, found such alleged violations to be frivolous as a matter of law. Even if this Court were to break with its own precedents and find this practice to be a constitutional violation, in light of the Third Circuit's decision in *Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005), the Court should nevertheless grant Commissioner Taylor and Warden Williams qualified immunity from any personal liability.

    **C.**    **The Difference Between Eighth Amendment and Due Process Analysis.**

In *Hubbard v. Taylor*, this Court ruled in a March 28, 2003 Memorandum Order that "pretrial detainees are afforded essentially the same level of protection under the Fourteenth Amendment; therefore, an Eighth Amendment analysis is still appropriate." *Hubbard v. Taylor*, No.531, Robinson, J., 2003 WL 1697537 (D.Del. March 28, 2003) at *3 n.1. At the time it was made, this ruling was consistent with precedent in the District of Delaware. *See Ellegood v.*

11

*Taylor*, No. 01-213, Robinson, J., 2002 WL 449758 (D.Del. March 18, 2002). On appeal in *Hubbard*, the Third Circuit Court of Appeals disagreed with this Court's approach, but did not find it an extreme departure from the appellate court's own prior discussions of the issue: "The district court was clearly mislead [sic] by our *Kost v. Kozakiewicz,* 1 F.3d 176 (3d Cir. 1993), analysis . . . . The district court's error is understandable given our discussion in *Kost*." *Hubbard v. Taylor*, *supra,* 399 F.3d at 165-66.

Importantly, the Third Circuit Court of Appeals clarified in *Hubbard* that its prior holding in *Union County Jail Inmates v. DiBuono*, 713 F. 3d 984 (3d Cir. 1983), was merely *dicta*, as this Court correctly concluded in its opinion in that case. *Hubbard v. Taylor, supra,* 399 F.3d at 163 ("the district court did not err in concluding that it was not bound by our holding in *Union County*"). Since the *Union County* statements about mattresses on the floor were *dicta*, the Defendants were not bound by them, especially in view of contrary holdings in subsequent years (noted above) by this Court.

Thus, to oppose qualified immunity here, the plaintiff's position is not that the defendant prison officials should be better legal scholars than a Magistrate Judge (as in *Abdul-Akbar, supra*)—it is that they should be better legal scholars than each and every District Judge in the District of Delaware. The Defendants are clearly entitled to immunity.

II. **MATTRESSES ON THE FLOOR ARE NOT A *PER SE* VIOLATION OF DUE PROCESS, AND--IF QUALIFIED IMMUNITY IS DENIED--DETAILED FINDINGS OF FACT MUST SUPPORT ANY FINDING OF A VIOLATION.**

In *Hubbard v. Taylor, supra*, the Court of Appeals reversed this Court's Memorandum Opinion on the grounds that a specific analysis under the Due Process Clause had not been conducted, and that an analysis under *Wilson v. Seiter*, 501 U.S. 294 (1991), does not apply to pre-trial detainees. The Due Process analysis entails an examination whether there existed an

12

intent to punish, whether the conditions are rationally related to a legitimate governmental objective, and whether the conditions are tantamount to punishment due to harshness. In the record of *Hubbard v. Taylor* and in the instant case, there is no evidence whatsoever of any intent on the part of Commissioner Taylor or Warden Williams to punish detainees. If *Union County* is a guide, the crowding at Gander Hill may be expected to be found rationally related to the objective of jailing detainees who cannot make bail. *Hubbard, supra*, 399 F.3d at 161-62. The only question is whether the conditions are so harsh as to be excessive in relation to the purposes assigned to them. *Id.*

In order to determine whether the crowding of a prison constitutes a violation of Due Process, the Court must consider the totality of the circumstances at the facility. *Hubbard, supra*, 399 F.3d at 160. Thus, it appears that, in the event qualified immunity is denied, an evidentiary hearing and factual findings are required to support any finding of a violation: crowding or mattresses on the floor are not a *per se* violation. This is especially clear in light of the Third Circuit's ruling that *Union County*'s statements were *dicta*. The fact that detainees at Gander Hill are free to spend their days in a large dayroom adjoining each cell greatly mitigates any suffering due to the temporary lack of a bunk in the cell. Moreover, though the Third Circuit's statement in *Union County* asserted that mattresses on the floor are unsanitary, there is no evidence of any disease at Gander Hill caused by the practice. It seems strange that our Constitution holds that a practice adopted by Japanese citizens for centuries and often the bedding arrangement of American soldiers and college students is not good enough, even on a temporary basis, for alleged criminals.

### III. PLAINTIFF HAS FAILED TO ALLEGE OR SHOW INVOLVEMENT BY THE DEFENDANTS IN HIS MEDICAL CARE.

Plaintiff alleges that his medical care at Gander Hill was constitutionally defective

13

because he suffered a cut, received stitches, and was afraid for a period of time that it was infected. These allegations do not state a claim upon which relief may be granted.

With respect to medical claims, the Third Circuit Court of Appeals does not distinguish between claims by convicted inmates and those of pre-trial detainees. *Hubbard, supra*, 399 F.3d at 166 n.22; *Natale v. Camden County Correctional Facility,* 318 F.3d 575, 581-82 (3d Cir. 2003). The Eighth Amendment standard under *Estelle v. Gamble*, 429 U.S. 97 (1976) applies, and it requires deliberate indifference to establish a violation. *Id.*

Here, Plaintiff admits that he was given medical attention for a head injury and that the correctional staff took him to the medical provider for his treatment. Plaintiff does not allege nor does he provide any facts or information that could cause one to conclude that the Defendants were in any way involved, knowledgeable of, or indifferent to a serious medical need.

Additionally, actual injury is a prerequisite to any Eighth Amendment medical claim under 42 U.S.C. §1983. *See Boring v. Kozakiewicz*, 833 F. 2d 468, 473 (3d Cir. 1987) (serious injury or illness required to support Eighth Amendment medical claim). In the instant case plaintiff alleges no serious medical injury or illness. Rather, plaintiff alleges he was at risk of infection to his stitches. Alleging subjective fear of some possible risk that does not result in injury fails to state a claim upon which relief may be granted. *See McCray v. First State Medical System,* 379 F.Supp. 635, 638-39 (D.Del. 2005) (inmate alleging excessive risk by defendant in transporting him from Wilmington to Dover when inmate was in need of intravenous procedure failed to state a claim).

## **CONCLUSION**

WHEREFORE, the Defendants request that this Honorable Court grant their motion for summary judgment.

                                  Respectfully submitted,

                                  **STATE OF DELAWARE**
                                  **DEPARTMENT OF JUSTICE**

                                  /s/ Richard W. Hubbard
                                  Richard W. Hubbard, Bar I.D. No 2442
                                  Deputy Attorney General
                                  Carvel State Building, 6th Floor
                                  820 North French Street
                                  Wilmington, Delaware 19801
                                  (302) 577-8400
                                  richard.hubbard@state.de.us

Dated: January 30, 2006                    Attorney for the Defendants

# CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on January 30, 2006, he caused the foregoing document to be delivered to the following person(s) in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

**Samuel Turner Poole**
**#BN-5599**
**PA Department of Correction**
**1100 Pike Street**
**Huntingdon, PA  1665-1112**


**MANNER OF DELIVERY:**

__One true copy by facsimile transmission to each recipient

_T_Two true copies by first class mail, postage prepaid, to each recipient

__Two true copies by Federal Express

__Two true copies by hand delivery to each recipient


/s/ Richard W. Hubbard
Richard W. Hubbard, ID#2442
Deputy Attorney General
Department of Justice
Carvel State Bldg., 6th Fl.,
820 N. French Street
Wilmington, DE  19801
(302) 577-8400
richard.hubbard@state.de.us