IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL TURNER POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 99-635-SLR |
| | ) | |
| STAN TAYLOR, and | ) | |
| RAPHAEL WILLIAMS, | ) | Jury Trial Demanded |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY**

COME NOW the Defendants by and through undersigned counsel and hereby respond to Plaintiff's motion to compel discovery as follows:

1. On October 13, 2005, Plaintiff filed interrogatories directed to State Defendants. (D.I. 73). On November 7, 2005, less than 30 days after the interrogatories were served, Plaintiff filed a motion to compel discovery. (D.I. 74). On November 9, 2005, Defendants filed their response to Plaintiff's motion to compel discovery. (D.I. 76). On November 14, 2005, the Defendants filed responses to Plaintiff's interrogatories. (D.I. 77, 78). On February 3, 2006 the Plaintiff filed his second motion to compel discovery. This is Defendants' response in opposition to Plaintiff's second motion to compel. (D.I. 88).

2. Defendants attempted to respond to Plaintiff's poorly drafted interrogatories. However, many of Plaintiff's interrogatories were incoherent as written and required objection. No time frames were identified in most of Plaintiff's interrogatories. For example:

      **Interrogatory 2**: "Was placing inmates inside the gym on blue crates up off the floor approx, 80."

      **Interrogatory 6**: "Was there a lot of inmates complaining about how cold it was on the first floor to where your body got numb."

      **Interrogatory 12**: "Was I placed where I stated in my complaint for over 180 days."

Plaintiff gave no time frames for his allegations. Defendants properly responded: "No time frames provided." Instead of revising the interrogatories to provide time frames, Plaintiff filed his second motion to compel discovery.

3.     Some of the interrogatories were simply unintelligible. For example:

      **Interrogatory 7**: "Did you abuse the codes for detain 3 to a cell and place in Germ from 1000 people sweaty inside of the fitness center."

      **Interrogatory 9**: "Did you also feed inmates in the fitness center and sit them on the floor to eat cells and in the fitness center."

      **Interrogatory 13**: "Was you keeping inmates in the cell over 24 hours and more most when the officer got payee."

      **Interrogatory 20**: "I want to know during this time kept in the cell at approx.106% while bleeding that everywhere staff was it was freezing."

Defendants properly responded to these interrogatories by stating: "This request is unintelligible as presented." Instead of attempting to restate the interrogatories to make them intelligible, the Plaintiff filed his second motion to compel discovery.

   WHEREFORE, for the foregoing reasons, Defendants respectfully request that Plaintiff's second motion to compel discovery be denied.

                                        Respectfully Submitted,

                                        STATE OF DELAWARE
                                        DEPARTMENT OF JUSTICE

                                        <u>   /s/ Richard W. Hubbard</u>
                                        Richard W. Hubbard, ID #2442
                                        Deputy Attorney General
                                        Carvel State Office Building
                                        820 N. French Street, 6th Floor
                                        Wilmington, DE 19801
                                        302-577-8400
                                        richard.hubbard@state.de.us

Date:  February 15, 2006                        Attorney for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL TURNER POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No.99-635-SLR |
| | ) | |
| STAN TAYLOR, and | ) | |
| RAPHAEL WILLIAMS, | ) | Jury Trial Demanded |
| | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

**IT IS HEREBY ORDERED** this _____day of _____, 2006, that Plaintiff's Second Motion to Compel Discovery is **DENIED.**

_____
United States District Court Judge

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on February 15, 2006, he caused the foregoing document to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S**):

Samuel T. Poole
BN-5599
P.O. Box 1000
Houtzdale, Pa  16698-1000

**MANNER OF DELIVERY**:

_____One true copy by facsimile transmission to each recipient

___X___Two true copies by first class mail, postage prepaid, to each recipient

_____Two true copies by Federal Express

_____ Two true copies by hand delivery to each recipient

    /s/ Richard W. Hubbard_____
Richard W. Hubbard, ID #2442
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400