**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL TURNER POOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 99-635-SLR |
| | ) |
| STAN TAYLOR, and | ) |
| RAPHAEL WILLIAMS, | ) Jury Trial Demanded |
| | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT STANLEY W. TAYLOR, JR'S RESPONSE TO PLAINTIFF'S INTERROGATORIES

COMES NOW, the Defendant, Stanley W. Taylor, Jr. and hereby responds to *Plaintiff's Interrogatories*[1] directed to State Defendants as follows:

1. Was you placing Approx. 50 unsentenced inmates in the Fitness Center. (Yes)or(No).

**RESPONSE**: Objection. Defendant Taylor did not place any inmates in the fitness center

2. Was placing inmates inside the gym on blue crates up off the floor Approx. 80. (Yes)or(No).

**RESPONSE**: Objection. This request is incoherent. There is no time frame referenced. Inmates were at times housed in the gymnasium on blue cots.

3. Was the only inmates you was keeping on the floor in Gander Hill on the floor just unsentanced (sic) inmates. (Yes)or(No).

---

[1] Each Interrogatory is entered as presented to the Defendants by the Plaintiff in its entirety. The responding defendant has not altered the sentence structure or made grammatical or spelling corrections.

**RESPONSE**: Objection. Incoherent. No time period referenced.

4. Was the amount on the floor between 300 and 440. (Yes)or(No).

**RESPONSE**: Objection. There is no time frame referenced. The request is unintelligible as presented.

5. Did the jail ever tell anybody investgating the fitness center that there was not anybody kept on the floor of the fitness center. (Yes)or(No).

**RESPONSE**: Objection. The jail did not tell anyone anything. This request is unintelligible as presented.

6. Was there a lot of inmates complaining about how cold it was on the first floor to where your body got numb. (Yes) or (No).

**RESPONSE**: Objection. No time frames referenced. Defendant Taylor does not recall receiving such complaints.

7. Did you abuse the codes for detain 3 to a cell and place in Germ from 1000 of people sweaty inside of the fitness center. (Yes) (No). [Sic]

**RESPONSE**: Objection. This request is unintelligible as presented.

8. Did you place #50 inmates in the fitness center with two seated bathroom. (Yes)or(No).

**RESPONSE**: Objection. No time frame referenced. Defendant Taylor did not place inmates in the fitness center at Gander Hill.

9. Did you also feed inmates in the fitness center and sit them on the floor to eat cells and in the fitness center. (Yes) (No).

**RESPONSE**: Objection. This interrogatory is incoherent as presented.

10. Did the sentenced inmates have to eat like this. (Yes) (No).

**RESPONSE**: Objection. This interrogatory is unintelligible as presented.

11. Was you told by any Federal or ACLU or any other agency to stop placing any inmates on the floor. (Yes) (No).

**RESPONSE**: Objection. No time frame referenced.

12 Was I placed where I stated in my complaint for over 180 days (Yes (No).

**RESPONSE**: Objection. There is no time period or location referenced. The request is unintelligible as presented.

13. Was you keeping inmates in the cell over 24 hours and more most when the officer got payee. (Yes) (No).

**RESPONSE**: Objection. There is not time frame referenced. This request is unintelligible as presented.

14. 48 hours in there cell. (Yes) (No).

**RESPONSE**: Objection. There is no time period referenced. The request is unintelligible as presented.

15. 72 hours in there cell. (Yes) (No).

**RESPONSE**: Objection. There is no time period referenced. The request is unintelligible as presented.

16. Did I get hurt on July 6, 1999. (Yes) (No).

**RESPONSE**: Objection. Defendant Taylor does not know.

17. Was both officers in the bubble while that closet was open. (Yes)(No).

**RESPONSE**: Objection. Defendant Taylor does not know.

18. Is it policy that a Guard must be on the tier while the closet was open. (Yes)

(No).

**RESPONSE**: Objection. Defendant Taylor is unaware of any policy addressing open closets.

19. Did the officer tell me to enter that closet to get the mop and broom to clean my cell, while block out. (Yes) (No).

**RESPONSE**: Objection. Defendant Taylor does not know.

20. I want to know during this time kept in the cell at approx. 106% while bleeding that everywhere staff was it was freezing. (Yes) (No)

**RESPONSE**: Objection. This interrogatory is unintelligible as presented.

21. Was Raphael Williams Warden of the prison and San Taylor Dir. Of prisons of the State of Delaware. (Yes) (No).

**RESPONSE**: Objection. No time periods referenced. Without waiving said objection, Raphael Williams is the Warden at the Howard R. Young Correctional Institution. However, Stanley Taylor is the Commissioner of the Delware Department of Correction, not the "Dir. Of Prisons of the State of Delaware".

22. Could this problem very easily been taken care of with army cots. (Yes) (No).

**RESPONSE**: Objection. This question is incoherent. Plaintiff fails to state what problem he is referring to.

23. Are you suppose to provide proper housing for every inmate in Gander Hill (Yes) (No).

**RESPONSE**: Objection. Plaintiff fails to identify what proper housing consists of. Defendant Taylor is unaware of any legal mandate employing the term

"proper housing."

_____
Stanley W. Taylor, Jr.

SWORN TO AND SUBSCRIBED before me this _11_ day of _Nov._____, 2005.

_____
Notary

Christina S. Dulin
My Commission Expires
August 16, 2007

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

AS TO OBJECTIONS:

_/s/ Richard W. Hubbard_
Richard W. Hubbard, I.D. #2442
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
(302) 577-8400

richard.hubbard@state.de.us

## *CERTIFICATE OF MAILING AND/OR DELIVERY*

The undersigned certifies that on November 14, 2005, he caused the attached *Defendant Stanley W. Taylor Jr.'s Response to Plaintiff's Interrogatories* to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Samuel T. Poole
BN-5599
P.O. Box 1000
Houtzdale, Pa 16698-1000

**MANNER OF DELIVERY:**

_____ One true copy by facsimile transmission to each recipient

\_\_X\_\_ Two true copies by first class mail, postage prepaid, to each recipient

_____ Two true copies by Federal Express

_____ Two true copies by hand delivery to each recipient

/s/ Richard W. Hubbard
Richard W. Hubbard, ID #2442
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400