**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL TURNER POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 99-635-SLR |
| | ) | |
| STAN TAYLOR, and | ) | |
| RAPHAEL WILLIAMS, | ) | Jury Trial Demanded |
| | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT RAPHAEL WILLIAM'S RESPONSES TO PLAINTIFF'S INTERROGATORIES

COMES NOW, the Defendant, Raphael Williams and hereby responds to *Plaintiff's Interrogatories*[1] directed to State Defendants as follows:

1.  Was you placing Approx. 50 unsentenced inmates in the Fitness Center. (Yes)or(No).

**RESPONSE**: Objection. Defendant Williams did not place any inmates in the Fitness Center.

2.  Was placing inmates inside the gym on blue crates up off the floor Approx. 80. (Yes)or(No).

**RESPONSE**: Objection. There is no time period represented. The request is unintelligible as presented. Without waiving said objection inmates were at times housed in the gymnasium on blue cots.

3.  Was the only inmates you was keeping on the floor in Gander Hill on the

---

[1] Each Interrogatory is entered as presented to the Defendants by the Plaintiff in its entirety. The responding defendant has not altered the sentence structure or made grammatical or spelling corrections.

floor just unsentanced inmates. (Yes)or(No).

**RESPONSE**: Objection. There is no time period referenced. The request is unintelligible as presented.

4. Was the amount on the floor between 300 and 440. (Yes)or(No).

**RESPONSE**: Objection. There is no time period referenced. The request is unintelligible as presented.

5. Did the jail ever tell anybody investgating the fitness center that there was not anybody kept on the floor of the fitness center. (Yes)or(No).

**RESPONSE**: Objection. The jail did not tell anyone anything. This request is unintelligible as presented.

6. Was there a lot of inmates complaining about how cold it was on the first floor to where your body got numb. (Yes) or (No).

**RESPONSE**: Objection. There is no time period referenced. Defendant Williams does not recall receiving such complaints.

7. Did you abuse the codes for detain 3 to a cell and place in Germ from 1000 of people sweaty inside of the fitness center with two seated bathroom. (Yes) (No).

**RESPONSE**: Objection. The request is unintelligible as presented.

8. Did you place #50 inmates in the fitness center with two seated bathroom. (Yes)or(No).

**RESPONSE**: Objection. There is no time period referenced. The request is unintelligible as presented.

9. Did you also feed inmates in the fitness center and sit them on the floor to

eat cells and in the fitness center. (Yes) (No).

**RESPONSE**: Objection. There is no time period referenced. The request is unintelligible as presented.

10.   Did the sentenced inmates have to eat like this. (Yes) (No).

**RESPONSE**: Objection. There is no time period referenced. The request is unintelligible as presented.

11.   Was you told by any Federal or ACLU or any other agency to stop placing any inmates on the floor. (Yes) (No).

**RESPONSE**: Objection. There is no time period referenced.

12.   Was I placed where I stated in my complaint for over 180 days (Yes (No).

**RESPONSE**: Objection. There is no time period or location referenced. The request is unintelligible as presented.

13.   Was you keeping inmates in the cell over 24 hours and more most when the officer got payee. (Yes) (No).

**RESPONSE**: Objection. There is no time period referenced. The request is unintelligible as presented.

14.   48 hours in there cell. (Yes) (No).

**RESPONSE**: Objection. There is no time period referenced. The request is unintelligible as presented.

15.   72 hours in there cell. (Yes) (No).

**RESPONSE**: Objection. There is no time period referenced. The request is unintelligible as presented.

16. Did I get hurt on July 6, 1999. (Yes) (No).

**RESPONSE**: Objection. There is no time period referenced. The request is unintelligible as presented.

17. Was both officers in the bubble while that closet was open. (Yes)(No).

**RESPONSE**: Objection. Defendant Williams does not know.

18. Is it policy that a Guard must be on the tier while the closet was open. (Yes)(No).

**RESPONSE**: Objection. Defendant Williams is unaware of any policy addressing open closets.

19. Did the officer tell me to enter that closet to get the mop and broom to clean my cell, while block out. (Yes) (No).

**RESPONSE**: Objection. Defendant Williams does not know.

20. I want to know during this time kept in the cell at approx. 106% while bleeding that everywhere staff was it was freezing. (Yes) (No)

**RESPONSE**: Objection. There is no time period referenced. The request is unintelligible as presented.

21. Was Raphael Williams Warden of the prison and Stan Taylor Dir. Of prisons of the State of Delaware. (Yes) (No).

**RESPONSE**: Objection. There is no time period referenced. Without waiving said objection Raphael Williams is the Warden at the Howard R. Young Correctional Institution. However, Stanley Taylor is Commissioner of the Delaware Department of Correction not the "Dir. Of Prisons of the State of Delaware".

22. Could this problem very easily been taken care of with army cots. (Yes) (No).

**RESPONSE**: Objection. Plaintiff fails to state what problem he is referring to.

23. Are you suppose to provide proper housing for every inmate in Gander Hill. (Yes) (No).

**RESPONSE**: Objection. Plaintiff fails to identify what proper housing is. Defendant Williams is unaware of any legal mandate employing the term "proper housing."

_____
Rapheal Williams

SWORN TO AND SUBSCRIBED before me this _9_ day of _November_, 2005.

_____
Notary

STATE OF DELAWARE
DEPARTMENT OF JUSTICE

AS TO OBJECTIONS:

/s/ Richard W. Hubbard
Richard W. Hubbard, I.D. #2442
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE   19801
(302) 577-8400

Dated:

richard.hubbard@state.de.us

## CERTIFICATE OF MAILING AND/OR DELIVERY

The undersigned certifies that on November 14, 2005, he caused the attached *Defendant Raphael Williams' Response to Plaintiff's Interrogatories* to be delivered to the following persons in the form and manner indicated:

**NAME AND ADDRESS OF RECIPIENT(S):**

Samuel T. Poole
BN-5599
P.O. Box 1000
Houtzdale, Pa 16698-1000

**MANNER OF DELIVERY:**

_____ One true copy by facsimile transmission to each recipient

\_\_X\_\_ Two true copies by first class mail, postage prepaid, to each recipient

_____ Two true copies by Federal Express

_____ Two true copies by hand delivery to each recipient

/s/ Richard W. Hubbard
Richard W. Hubbard, ID #2442
Deputy Attorney General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE 19801
302-577-8400