IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL TURNER POOLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 99-635-SLR |
| ) | |
| STAN TAYLOR and RAPHAEL ) | |
| WILLIAMS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

On May 31, 2006, the parties were ordered to meet and confer with the court's pro se law clerk to help the court and the parties prepare an adequate record. (D.I. 91) It has come to the court's attention that plaintiff is no longer incarcerated in the State of Delaware, but is currently incarcerated in the Pennsylvania Department of Corrections in Huntington, Pennsylvania. Inasmuch as a meeting is impracticable, the court will resolve plaintiff's unanswered discovery requests.

**I. BACKGROUND**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 for alleged constitutional violations that occurred during the time he was housed at the Gander Hill prison (now known as the Howard R. Young Correctional Institution). The time frame as alleged in the complaint is from approximately March 1999 through July 1999. (D.I. 2, 36, 37) Plaintiff alleges unconstitutional conditions of confinement in violation of the Eighth Amendment. These conditions include, but are not limited to, overcrowding, insect

infestation, inadequate heating and cooling, insufficient bathroom facilities, inadequate sleeping accommodations, and lack of medical care.

Plaintiff sought discovery from the defendants by serving a request for production of documents and propounding interrogatories pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure. (D.I. 72, 73) Rather than respond to the discovery, defendants objected to virtually all requests on the bases that the requests were not limited to a time frame or were incoherent, unintelligible, or poorly drafted. (D.I. 77, 78, 79, 80) In turn, plaintiff filed three motions to compel in an attempt to obtain the needed discovery. (D.I. 74, 88, 89)

## II. DISCOVERY

Pursuant to Fed. R. Civ. P. 26(b)(1), "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim...of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter....Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

As noted above, defendants object on the grounds that no time frame is referenced and that the request or interrogatory is

incoherent, unintelligible or poorly drafted. Although plaintiff is not as articulate as a trained attorney and, at times, his use of the language is far from perfect, nonetheless, the court has reviewed the requests and is able to comprehend plaintiff's discovery requests. Moreover, it is apparent from the defendants' filings that they are aware of the relevant time period as alleged in the complaint. Accordingly, the court overrules those objections made by defendants on the grounds that the request or interrogatory lacks a time frame, is incoherent, poorly drafted, or unintelligible.

### III. CONCLUSION

NOW, THEREFORE, IT IS HEREBY ORDERED this 27th day of June, 2006, as follows:

1.  Defendants shall provide answers to plaintiff's interrogatories (D.I. 73) and responses to plaintiff's request for production of documents (D.I. 72) for the relevant time period, that being the year 1999.

2.  Should defendants or their attorneys find themselves unable to understand an interrogatory or a request to produce, then a motion shall be filed with the court, so that the court may advise defendants what plaintiff seeks in his discovery request.

3.  Defendants shall comply with this order within 30 days. Failure to timely produce the documents or to answer the

interrogatories may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 37.

4. Defendants shall advise the court if any of the documents sought are not in their possession.

5. Should defendants believe that any of the documents or information sought implicates a security concern, then defendants shall timely submit the document(s) or response(s) in question to the court for an in camera inspection, along with an explanation of why the document(s) or response(s) pose a security concern.

                                                                     _____
                                                               UNITED STATES DISTRICT JUDGE