IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL TURNER POOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 99-635-SLR |
| | ) |
| STAN TAYLOR, and | ) |
| RAPHAEL WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REVISED RESPONSE TO PLAINTIFF'S INTERROGATORIES**

Defendants hereby revise their response to *Plaintiff's Interrogatories*[1] in accordance with the Court's June 27, 2006 Order.

   1.   Was you placing Approx. 50 unsentenced inmates in the Fitness Center. (Yes)or(No).

   **RESPONSE**: Yes, at times during 1999 approximately 50 unsentenced inmates were housed in the fitness center. However, neither defendant assigned the inmates to that location. Housing decisions are normally made by primary control. By way of further answer, please refer to a document entitled "Multi-Purpose Criminal Justice Facility Average Population by Month 1999, 2000, 2001" being produced as (D00001)

   2.   Was placing inmates inside the gym on blue crates up off the floor Approx. 80. (Yes)or(No).

   **RESPONSE**: Yes, at times during 1999 approximately 80 unsentenced inmates were housed in the gym. However, neither defendant assigned the inmates to that

---

[1] Each Interrogatory is entered as presented to the Defendants by the Plaintiff in its entirety. The defendants has not altered the sentence structure or made grammatical or spelling corrections.

location. Housing decisions are normally made by primary control. By way of further answer, please refer to a document entitled "Multi-Purpose Criminal Justice Facility Average Population by Month 1999, 2000, 2001" being produced as (D00001)

3. Was the only inmates you was keeping on the floor in Gander Hill on the floor just unsentanced inmates. (Yes)or(No).

RESPONSE: Yes, generally it was unsentenced inmates on the West side of the facility that would be housed on mattresses on the floor of cells, fitness center or Stack-A-Bunks ™ in the gym.

4. Was the amount on the floor between 300 and 440. (Yes)or(No).

RESPONSE: Yes, there were times during 1999 that between 300 and 440 inmates combined would be housed in the gym, fitness center or triple bunked in a cell. By way of further answer, please refer to a document entitled "Multi-Purpose Criminal Justice Facility Average Population by Month 1999, 2000, 2001" being produced as (D00001).

5. Did the jail ever tell anybody investgating the fitness center that there was not anybody kept on the floor of the fitness center. (Yes)or(No).

RESPONSE: No.

6. Was there a lot of inmates complaining about how cold it was on the first floor to where your body got numb. (Yes) or (No).

RESPONSE: No.

7. Did you abuse the codes for detain 3 to a cell and place in Germ from 1000 of people sweaty inside of the fitness center. (Yes) (No). [Sic]

RESPONSE: No.

- 3 -

8. Did you place #50 inmates in the fitness center with two seated bathroom. (Yes)or(No).

RESPONSE: Yes, the fitness center has two bathrooms. Please refer to response to number 1. By way of further answer, please refer to a document entitled "Multi-Purpose Criminal Justice Facility Average Population by Month 1999, 2000, 2001" being produced as (D00001).

9. Did you also feed inmates in the fitness center and sit them on the floor to eat cells and in the fitness center. (Yes) (No).

RESPONSE: Yes, all inmates at the Howard R. Young Correctional Institute (Gander Hill) are fed where they are housed as there is no central dining facility.

10. Did the sentenced inmates have to eat like this. (Yes) (No).

RESPONSE: Yes.

11. Was you told by any Federal or ACLU or any other agency to stop placing any inmates on the floor. (Yes) (No).

RESPONSE: No.

12. Was I placed where I stated in my complaint for over 180 days (Yes) (No).

RESPONSE: Neither defendant has knowledge of where plaintiff was housed while he was an inmate at the Howard R. Young Correctional Facility.

13. Was you keeping inmates in the cell over 24 hours and more most when the officer got payee. (Yes) (No).

RESPONSE: No.

14. 48 hours in there cell. (Yes) (No).

RESPONSE: No.

15. 72 hours in there cell. (Yes) (No).

RESPONSE: No.

16. Did I get hurt on July 6, 1999. (Yes) (No).

RESPONSE: Neither defendant has knowledge of whether plaintiff was injured on July 6, 1999. However, please refer to medical records being produced at D00411-00454.

17. Was both officers in the bubble while that closet was open. (Yes)(No).

RESPONSE: Neither defendant has knowledge of this.

18. Is it policy that a Guard must be on the tier while the closet was open. (Yes) (No).

RESPONSE: No.

19. Did the officer tell me to enter that closet to get the mop and broom to clean my cell, while block out. (Yes) (No).

RESPONSE: Neither defendant has knowledge of this.

20. I want to know during this time kept in the cell at approx. 106% while bleeding that everywhere staff was it was freezing. (Yes) (No)

RESPONSE: Neither defendant has knowledge of this.

21. Was Raphael Williams Warden of the prison and San Taylor Dir. Of prisons of the State of Delaware. (Yes) (No).

RESPONSE: Yes, Raphael Williams was the Warden at the Howard R. Young Correctional Institution (Gander Hill) in 1999. No, Stanley Taylor is not the Director of Prisons, but was the Commissioner of the Delaware Department of Correction in 1999.

- 5 -

22. Could this problem very easily been taken care of with army cots. (Yes) (No).

**RESPONSE**: No.

23. Are you suppose to provide proper housing for every inmate in Gander Hill (Yes) (No).

**RESPONSE**:  No.

                STATE OF DELAWARE
                DEPARTMENT OF JUSTICE

/s/ Marc P. Niedzielski
Marc P. Niedzielski
Richard W. Hubbard, I.D. #2442
Deputy Attorneys General
Carvel State Office Building
820 N. French Street, 6th Floor
Wilmington, DE   19801
 (302) 577-8400

DATED: July 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL TURNER POOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 99-635-SLR |
| | ) |
| STAN TAYLOR, and | ) |
| RAPHAEL WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

**<u>VERIFICATION</u>**

I, the undersigned, hereby verify under the penalty of perjury that the factual information in response to plaintiff's interrogatories are true and correct to the best of my information and belief.

_____
Raphael Williams

*Elder Caley Tillery*
7/14/06

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL TURNER POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 99-635-SLR |
| | ) | |
| STAN TAYLOR, and | ) | |
| RAPHAEL WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

## VERIFICATION

I , the undersigned, hereby verify under the penalty of perjury that factual information in response to plaintiff's interrogatories are true and correct to the best of my information and belief.

_____
Stanley Taylor

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL TURNER POOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   C.A. No. 99-635-SLR |
| | ) |
| STAN TAYLOR, and | ) |
| RAPHAEL WILLIAMS, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

The undersigned certifies that on the date indicated, he caused the attached document entitled Defendants' Revised Response to Plaintiff's Interrogatories to be served by United Parcel Service on the following individual:

Samuel Turner Poole
BN 5599
SCI Huntingdon
1100 Pike Street
Huntingdon, PA  16654-1112

/s/ Marc P. Niedzielski
Marc P. Niedzielski
Deputy Attorney General
820 N. French Street, 6th Floor
Wilmington, DE  19801
(302) 577-8400

DATED: July 27, 2006