


# STATE OF DELAWARE
## DEPARTMENT OF JUSTICE

**CARL C. DANBERG**
Attorney General

| NEW CASTLE COUNTY | KENT COUNTY | SUSSEX COUNTY |
|---|---|---|
| Carvel State Building | 102 West Water Street | 114 E. Market Street |
| 820 N. French Street | Dover, DE 19904 | Georgetown, DE 19947 |
| Wilmington, DE 19801 | Criminal Division (302) 739-4211 | (302) 856-5352 |
| Criminal Division (302) 577-8500 | Fax: (302) 739-6727 | Fax: (302) 856-5369 |
| Fax: (302) 577-2496 | Civil Division (302) 739-7641 | TTY: (302) 856-2500 |
| Civil Division (302) 577-8400 | Fax: (302) 739-7652 | |
| Fax: (302) 577-6630 | TTY: (302) 739-1545 | |
| TTY: (302) 577-5783 | | |

August 14, 2006

PLEASE REPLY TO:  New Castle Office   6th Floor

Samuel Turner Poole
BN5599
SCI Huntingdon
1100 Pike Street
Huntingdon, PA  16654-1112

RE:   **Poole v. Taylor and Williams**, C.A. No. 99-635-SLR

Dear Mr. Poole:

I have received a number of documents from you that appear to have been mailed on August 4, 2006. The first document is entitled: "pretrial conferences," the second document is entitled: "reply to defendant petition," and the third document is entitled: "motion to order F.R.Cil.P.Rule -12(F)."

I assume by the first document that you are requesting a pretrial conference. You indicate that you will be paroled in September. That may be a better time to request a conference so as to reduce the travel difficulties as you are presently imprisoned.

The document entitled: "reply to defendant petition" seems to be your questions regarding the defendants' discovery produced to you on July 27, 2006. I will attempt to respond to your points as I understand them.

You indicate that the temperature surveys (D00455-00461) postdate your tenure at the Howard R. Young Correctional Institute (Gander Hill). You are correct. The temperature survey was started after you were moved to the Delaware Correctional Center (Smyrna) in the year 2000.

You state that I sent you the grievances regarding complaint of heat and cold (D00331-00400), but not the repair records. I sent you all the maintenance work orders for 1999 (D03000-05401) for the entire facility. You will need to review them to see which work orders are relevant to your complaints.

You write about falling in the mop closet and hitting your head. I provided you with the information that is available including the medical records (D00411-00454) and copy of the logbook pages for July 6, 1999, for Pod 2M-L (provided as supplementation on July 31, 2006). It now appears that no incident report was done on your accident in the mop closet (page 261 of the logbook reports of your accident).

I provided you with a document (D00001) that reports on the average number of inmates at the facility by month and location. Additionally, you were provided with the Institution Monthly Reports (D0002-00195) and all the grievance materials (D00196-00400).

As the defendants responded to you in their revised response to request No. 9, defendants are not in possession of a copy of Dr. Keith Ivens's medical license. You may request a copy from:

State Board of Medical Practice
Cannon Building, Suite 203
861 Silver Lake Blvd.
Dover, DE 19904

Finally, defendants provided you with the information about capacity of the Gander Hill in response to your request No. 2. I will repeat it for you. You requested:

2.   *A total of all inmates that was being held in all your prisons total capacity each separated Smyerna, Georgetown and Gander Hill.*
**RESPONSE:** *In 1999: Howard R. Young Correctional Institute (Gander Hill) average inmate total was 1,807 and had an operating capacity of 1,180;*
*Delaware Correctional Center (Smyrna) average inmate total was 1,666 and had an operating capacity of 1,701; and,*
*Sussex Correctional Institute (Georgetown) average inmate total was 1,068 and had an operating capacity of 1,038.*
*Additionally, please refer to Multi-Purpose Criminal Justice Facility Average Inmate Population by month 1999-2001 (D00001).*

In the last paragraph of the document entitled: "motion to order F.R.Cil.P. Rule 12(F)," it appears that you oppose defendants' motion to supplement their pending summary judgment motion on grounds of claim preclusion. You state: "I am not going to respond to case that have nothing to do with 99-035 and that" you have responded to defendants' pending summary judgment motion with the same document.

If you have any questions or wish to make any clarifications, please write me a letter and let me know.

Very truly yours,

/s/ Marc P. Niedzielski
Marc P. Niedzielski
Deputy Attorney General


Cc:   Clerk of the U.S. District Court