IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SAMUEL TURNER POOLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 99-635-SLR |
| | ) | |
| STAN TAYLOR and | ) | |
| RAPHAEL WILLIAMS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 8th day of September, 2006, having

reviewed the motion for summary judgment filed by defendants, the

motion to supplement the pending summary judgment motion filed by

defendants, and the motion for a pretrial conference filed by

plaintiff, and the papers filed in connection therewith;

IT IS ORDERED that said motions (D.I. 86, 99, 101) are

denied, for the reasons that follow:

1. **Background**. Plaintiff Samuel Turner Poole, proceeding

pro se, filed this action on September 22, 1999, pursuant to 42

U.S.C. § 1983, alleging unconstitutional conditions of

confinement. At the time plaintiff filed the complaint, he was

an inmate housed at the Multi-Purpose Criminal Justice Facility

("Gander Hill")[1].  (D.I. 2)  An amendment to the complaint was

filed on October 29, 2003, adding a medical needs claim. (D.I.

36, 37)

---

[1]Plaintiff is currently incarcerated in the Pennsylvania Department of
Corrections in Huntingdon, Pennsylvania.

2. **Motion for Summary Judgment.** Defendants move for summary judgment asserting that: 1) they are entitled to qualified immunity; 2) mattresses on the floor are not a per se constitutional violation; 3) and plaintiff failed to show defendants' personal involvement in his medical care. Defendants explain that because of the similarity of issues, they incorporate into their motion the appendix they filed with a motion for summary judgment in Hubbard v. Taylor, Civ. No. 00-531-SLR. The appendix was not duplicated and filed with the pending motion.

3. As a general rule, the court does not allow the practice of incorporating arguments and appendices from other cases. All arguments and documents a party wishes the court to consider should be filed in the case at bar. It is both time-consuming and cumbersome for the court to search for documents in a case, separate and distinct from the one under consideration. Here, defendants fail to even advise of the filing date or docket item number of the summary judgment brief and appendix to which they refer. Of import is that there is no indication that plaintiff was ever served with a copy of the appendix defendants refer to and, notably, plaintiff is not a party to Hubbard v. Taylor. Hence, it appears plaintiff was never provided with an opportunity to review the information relied upon by defendants in their quest for summary judgment.

-2-

4.   Therefore, the motion for summary judgment will be
denied without prejudice with leave to renew.  Defendants will be
given leave to file a renewed motion for summary judgment,
complete with all matters outside the pleadings they wish the
court to consider, and plaintiff will be given an opportunity to
respond.

5.  **Motion to Supplement Pending Summary Judgment Motion.**
Defendants move the court to supplement their pending motion for
summary judgment on the grounds that the present claim should be
dismissed under the doctrine of claim preclusion.  (D.I. 99) The
motion will be denied.

6.  Plaintiff filed two § 1983 actions on September 22,
1999, Poole v. Taylor, Civ. No. 99-634-JJF and Poole v. Taylor,
Civ. No. 99-635-JJF[2].  Both cases were dismissed as frivolous
pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and plaintiff appealed
both rulings.  In Civ. No. 99-634-JJF, plaintiff alleged that
overcrowded conditions at Gander Hill were not conducive to
safety.  More particularly, he alleged that a clogged sink,
inadequate air conditioning, and water on the floor caused him to
injure himself.  The appellate court dismissed plaintiff's prison
conditions and inadequate medical care claims pursuant to 28
U.S.C. § 1915(e)(2)(B)(i), finding the allegations did not amount

---

[2]The case was subsequently reassigned to the Honorable Sue L. Robinson,
Chief Judge.

to deliberate indifference to an excessive risk to health or safety or to a serious medical need. Poole v. Taylor, No. 02-1384 (3d. Cir. Nov. 20, 2002).

7. In his case identified as Civ. No. 99-635-JJF, plaintiff offered more explicit allegations, e.g., plaintiff was required to sleep on a mattress on the floor for extended periods; bathroom facilities were inadequate; at times the jail had no heat or air conditioning; there was an insect problem; and, even when injured, he was forced to sleep on the floor. Poole v. Taylor, Civ. No. 99-635-SLR at D.I. 2, 36-37. The appellate court found that punitive intent could be inferred by presuming some degree of privation under the conditions alleged. Poole v. Taylor, No. 02-1385 (3d Cir. Sept. 9, 2003). It vacated the dismissal and remanded the matter with instructions that plaintiff be given an opportunity to amend the complaint.

8. Defendants assert that the appellate court's ruling in Civ. No. 99-634-JJF precludes plaintiff from raising the prison conditions and medical needs claim. A § 1915(e)(2)(B)(i) dismissal "is not a dismissal on the merits, but rather an exercise of the court's discretion under the in forma pauperis statute." Denton v. Hernandez, 504 U.S. 25, 34 (1992). A § 1915(e)(2)(B)(i) dismissal has a res judicata effect "on frivolousness determinations for future in forma pauperis petitions." Id. See Cieszkowska v. Gray Line New York, 295 F.3d

-4-

204 (2d Cir. 2002); Okoro v. Bohman, 164 F.3d 1059, 1062 (7th Cir. 1999); Marts v. Hines, 117 F.3d 1504, 1505 n.8 (5th Cir. 1997); Waller v. Groose, 38 F.3d 1007, 1008 (8th Cir. 1994); Brown v. Briscoe, 998 F.2d 201, 203 (4th Cir. 1993).  In a situation where an in forma pauperis complaint was dismissed because it was incomprehensible and thus failed to disclose the presence or absence of a claim for which relief might be granted, the dismissal did not "operate as a bar to filing a new suit, provided the plaintiff avoided the problem that had caused the dismissal of his previous suit."  Okoro v. Bohman, 164 F.3d at 1063.

9.  When summary dismissal of this case was reviewed by the appellate court, it was determined that plaintiff made sufficient allegations to survive summary dismissal.  Hence, in the current case, plaintiff avoided the problems that caused the dismissal of Civ. No. 99-634-JJF.  Moreover, because Civ. No. 99-634-JJF was a § 1915(e)(2)(B)(i) dismissal, there was no judgment on the merits.  Res judicata does not preclude the claims raised by plaintiff in the present case.  Therefore, the motion to supplement the pending summary judgment motion will be denied.

10.  **Motion for Pretrial Conference**.  Plaintiff moves the court to schedule a pretrial conference within 30 days from service of his motion.  (D.I. 101)  He indicates that he is currently incarcerated but should be released in mid-September

2006. There will be no ruling on dispositive motions in the very near future inasmuch as this order gives defendants leave to renew their motion for summary judgment. At this juncture it is unclear what, if any, issues will proceed to trial. Therefore, the motion will be denied as premature.

11. **Conclusion.** Defendants' motion for summary judgment (D.I. 86) is denied without prejudice with leave to renew. A renewed motion for summary judgment complete with all matters outside the pleadings to be considered by the court shall be filed within **30 days** from the date of this order. Plaintiff is given **60** days from the date of this order to file his response to a renewed motion for summary judgment. No extensions of time will be allowed. Defendants' motion to supplement the pending summary judgment motion (D.I. 99) is denied. Plaintiff's motion for a pretrial conference (D.I. 101) is denied.

UNITED STATES DISTRICT JUDGE