IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SAMUEL TURNER POOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 99-635-SLR |
| | ) |
| STAN TAYLOR and RAPHAEL WILLIAMS, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 30th day of March, 2007, having reviewed the Rule 60(b) motion for relief from judgment, IT IS ORDERED that the motion (D.I. 127) is denied for the reasons that follow:

1. **Background.** Plaintiff Samuel Turner Poole, proceeding pro se, filed this action on September 22, 1999, pursuant to 42 U.S.C. § 1983, alleging unconstitutional conditions of confinement. At the time plaintiff filed the complaint, he was an inmate housed at the Multi-Purpose Criminal Justice Facility ("Gander Hill").[1] (D.I. 2) On December 20, 2006, the court granted defendants summary judgment, and on January 16, 2007, judgment was entered in favor of defendants and against plaintiff. (D.I. 120, 123) Plaintiff filed the pending Rule 60(b) motion for relief from judgment on February 13, 2007. (D.I. 127) Defendants did not file a response to the motion.

2. Plaintiff seeks relief from the February 13, 2007 judgment pursuant to Fed. R. Civ. P. 60(b)(3) and (6), arguing there was fraud by defense counsel, as well as misrepresentation, fraud, and perjury during discovery. Plaintiff argues that full

---

[1] Plaintiff was released from in December 2006.

discovery was never presented to him, and the court did nothing. He further argues that he had a meritorious defense. Finally, he argues that the court relied upon inapplicable caselaw in reaching its decision.

3. **Standard of Review**. Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. Failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir.1983). "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." Brown v. Pennsylvania R.R. Co., 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted).

4. **Discussion**. Plaintiff had a full and fair opportunity to present his case. The record reflects that after being ordered by the court, defendants produced to plaintiff hundreds of pages of discovery. (D.I. 92, 95, 97, 98) It also reflects that, after plaintiff was provided the discovery, he complained he had not received all he was due and defendants timely responded to his complaints. (D.I. 103, 104) The record does not support, and there is no clear and convincing evidence of, plaintiff's allegations of fraud, misrepresentation, or misconduct by defendants during discovery. Nor has plaintiff presented such evidence to support his position.

5. Plaintiff also appears to seek relief under Rule 60(b). Rule 60(b)(6) "is a

-3-

catch-all provision that allows relief for any reason justifying relief from the operation of the judgment." <u>United States v. Witco Corp.</u>, 76 F.Supp.2d 519, 527 (D. Del.1999). It is within the sound discretion of the trial court to grant or deny relief under this section. <u>Lasky v. Continental Products Corp.</u>, 804 F.2d 250, 256 (3d Cir.1986).

6. The court thoroughly reviewed the record and the caselaw before issuing its decision. It is evident plaintiff disagrees with the court's ruling. Regardless, this is an insufficient basis for relief under Rule 60(b)(6).

_____
UNITED STATES DISTRICT JUDGE